**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Juana Yolanda Vargas, and Maria C. Rendon, *on behalf themselves and others similarly situated*, | ) ) ) ) ) | Case No. 18-cv-1120 |
| Plaintiffs, | ) ) | |
| v. | ) ) | **CLASS ACTION COMPLAINT** |
| Peter Iatrides, in his individual capacity, Good Taste, Inc., dba Cozy Corner Restaurant and Pancake House, and John Does 1 and 2 | ) ) ) ) ) | |
| Defendants. | ) ) | Jury demanded |

**COMPLAINT**

**INTRODUCTION**

1.  This action is brought to remedy nonpayment of wages in violation of the Fair Labor Standards Act, the Illinois Minimum Wage Law, and the Illinois Wage Payment and Collection Act. Defendants own and operate restaurants in Chicago and vicinity under the name "Cozy Corner." Plaintiffs and the persons they seek to represent are current and former tipped employees working in Defendants' restaurants. Cozy Corner pays its servers and other tipped employees a subminimum, hourly wage under the tip-credit provisions of the FLSA and IMWL. Those statutes permit employers of tipped employees to pay wages less than the minimum wage, to take a tip credit, if employers comply with the requirements of the tip-credit provisions. Defendants willfully disregarded those requirements. Their failure to pay minimum

1

wage and overtime wages violated the federal and state minimum wage laws. Defendants also failed to pay tipped employees all wages for when due, in violation of the IWPCA.

2. This is a collective action to remedy violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and an class action to remedy violations of the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/4a, and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/4, 115/5 and 115/9, on behalf of a class of workers represented by Plaintiffs Juana Yolanda Vargas, and Maria C. Rendon.

3. As a remedy for Defendants' acts, Plaintiffs seek relief, on behalf of themselves and similarly situated workers, including unpaid overtime wages, liquidated damages under the FLSA, state law penalties, and attorney's fees and costs.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. §1331. Venue is proper in this judicial district as the facts and events giving rise to Plaintiffs' claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

## THE PARTIES

5. At all relevant times herein, Plaintiffs Juana Yolanda Vargas and Maria Rendon, and all others similarly situated resided in and were domiciled within this judicial district.

6. At all relevant times herein, Plaintiffs were employed by Defendants as "employees" as defined by the FLSA, IMWL, IWPCA within this judicial district.

7. At all relevant times herein, Plaintiffs as tipped employees were not exempt from the overtime provisions of the FLSA, 29 U.S.C. §207, and the IMWL, 820 ILCS 105/1 *et seq*.

8. During the course of their employment, Plaintiffs worked as servers for Defendants.

9. At all relevant times herein, Plaintiffs were engaged in commerce or in the production of goods for commerce, as those terms are defined under the act.

10. Defendant Good Taste, Inc., (d/b/a Cozy Corner Restaurant and Pancake House) is a corporation organized under the laws of the State of Illinois, with its principal place of business within this judicial district Good Taste, Inc., is an "enterprise" as defined by in Section 3(r)(1) of the FSLA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of Section 3(s)(1)(A).

11. Defendant Good Taste on information and belief transacts over $500,000 worth of sales per year.

12. At all relevant times herein, Good Taste, Inc., was Plaintiffs' "employer" as that term is defined in the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS §115/1 *et seq.*

13. Defendant Peter Iatrides is an officer (President) of Good Taste, Inc., and was involved in the day to day business operations of Defendant Good Taste, Inc. Defendant Peter Iatrides had the authority to hire and fire persons employed by Good Taste, Inc., including the Plaintiffs; the authority to direct and supervise the work of Defendant Good Taste, Inc., employees; the authority to sign on Defendant Good Taste, Inc., checking accounts, including payroll accounts; and the authority to make decisions regarding employee compensation and capital expenditures.

14. Defendant Peter Iatrides was Plaintiffs' "employer" as that term is defined in the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS §115/1 *et seq.*

15. Defendant John Doe is a manager of Good Taste, Inc., and had the authority to direct and supervise Plaintiffs' work.

16.     Defendant John Doe II is a manager of Good Taste, Inc., and had the authority to direct and supervise Plaintiffs' work.

## FACTUAL BACKGROUND

17.     Defendants had a policy and/or practice in place with servers it employed to deduct between $25 and $40 per shift from each server which ostensibly was going to pay bus boys.

18.     Defendants used this income as credit towards a "tip credit" so they did not ostensibly have to pay the minimum hourly wage.

19.     In actuality, the bus boys were not paid tips from this pool.

20.     Plaintiffs are uncertain whether managers pocketed the money they deducted or whether these funds were otherwise used by Defendants. '

21.     In any event, Defendants' practice and/or policy of deducting flat amounts per shift from each servers tip income and not sharing those tips in a valid tip pool violated the FLSA, IMWL and IWPCA.

22.     Plaintiffs never authorized deductions from their tips in writing nor were they ever told what the money deducted was actually used for.

23.     Plaintiffs have executed consent to sue notices, which are attached to this complaint as an exhibit.

## COLLECTIVE ACTION ALLEGATIONS

24.     Plaintiffs bring Count I of this action pursuant to 29 U.S.C. § 216(b), on behalf of themselves and all other persons similarly situated who have been, are being, or will be

4

adversely affected by Defendants' unlawful conduct and who file written consent to sue ("the FLSA Class").

25. The FLSA Class, of which Plaintiffs are members, and for whom Plaintiffs seek the right to send "opt-in" notices for purposes of the collective action, is composed of and defined as follows:

> All employees employed by Good Taste, Inc., and Peter Iatrides, who performed work as servers for Defendants any time from January 2015 through the present and who had monies deducted from their tip income for purposes other than those allowed by statute.

26. Plaintiffs are unable to state at this time the exact size of the potential class, but, upon information and belief, avers that it consists of at least 10 persons.

27. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, and attorneys' fees and costs under the FLSA. In addition to Plaintiffs, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid wages and damages, are readily identifiable by Defendants, and should receive notice and an opportunity to join this lawsuit pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

28. Plaintiffs bring Count II and Count III of this action pursuant to Federal Rule of Civil Procedure 23(b)(3) on behalf of themselves and other members of the Rule 23 Class defined as:

> All employees employed by Good Taste, Inc., and Peter Iatrides, who performed work as servers for Defendants any time from January 2015 through the present and who had monies deducted from their tip income for purposes other than those allowed by statute.

29. On information and belief, the Class is so numerous that joinder of all class members is impracticable. Plaintiffs are unable to state at this time the exact size of the potential Class, but upon information and belief, aver that it consists of at least 20 persons and that many do not speak

5

English as a first language, are not well informed of their rights under federal and state wage statutes, and have limited access to lawyers. Individual joinder is, thus, impracticable.

30. There are questions of law or fact common to the Class, including but not limited to the following:

   a. whether Defendants violated 820 ILCS 105/9 by illegally deducting from their tips monies that were used other than for statutorily permitted purposes;

   b. whether Defendant Peter Iatrides was an "employer" of Plaintiffs and other Class members pursuant to the IMWL and IWPCA.

31. The claims of Plaintiffs are typical of the claims of other members of the Class. Plaintiffs' claims arise out of the same uniform course of conduct by Defendants and are based on the same legal theories as the claims of other Class members.

32. Plaintiffs will fairly and adequately protect the interests of the Class. Their interests are not antagonistic to, but rather are in unison with, the interests of other Class members. Plaintiffs' counsel have broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Class in this case.

33. The questions of law or fact that are common to the Class predominate over any questions affecting only individual Class members. The primary questions that will determine Defendants' liability to the Class, listed above, are common to the Class as a whole and predominate over any questions affecting only individual Class members.

34. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Class members to pursue their claims individually would entail a host of separate suits and unnecessary demands on judicial resources. In contrast, certification of the claims in Count II pursuant to Federal Rule of Civil Procedure 23 will enable the issues to be adjudicated for all Class members with efficiency.

6

## COUNT I
## Violation of the FLSA - 29 U.S.C. § 216(b)
## Unauthorized Tip Pool

35. Plaintiffs re-allege and incorporate by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

36. This count arises from Defendants' willful violation of the Fair Labor Standards Act, 29 U.S.C. §201, et seq., for their failure to pay minimum wages to Plaintiffs and other current and former employees working at Pinstripes restaurants. Plaintiffs bring this claim as a collective action pursuant to 29 U.S.C. §216(b).

37. As tipped employees, Plaintiffs and other current and former employees were not exempt from the minimum wage provisions of the FLSA.

38. Plaintiffs and other current and former employees, as tipped employees, were paid by Defendants at a tip-credit rate less than minimum wage.

39. Although Defendants took a tip credit in paying hourly wages to Plaintiffs and other tipped employees, Defendants failed to comply with requirements under the Act. 29 U.S.C. §203(m).

40. Defendants failed to inform Plaintiffs and other tipped employees of the provisions of the tip-credit subsection. Defendants regularly required Plaintiffs to contribute money toward a tip pool ostensibly for busboys but that was not paid to them.

41. Defendants utilized for their own purposes a portion of the tips given to tipped employees by customers, and thus Plaintiffs and other tipped employees were not permitted to retain all the tips tendered by patrons.

42. Defendants' failure to comply with the minimum wage requirements of the FLSA regarding tip credit, and consequently, Defendants' failure to paid minimum wage to Plaintiffs and other similarly-situated employees, was a willful violation of the Act.

43. Defendants' failure to pay Plaintiffs wages violated the FLSA, 29 U.S.C. § 206(a)(1)(c) and 203(m).

44. Defendants willfully violated the FLSA by failing and refusing to pay Plaintiffs wages for all time worked.

45. Plaintiffs are entitled to recover unpaid wages for up to three years prior to the filing of this suit because Defendants' failure to pay wages, and refusal to pay when demand was made, was a willful violation of the FLSA, 29 U.S.C. §206(a)(1)(c).

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. A judgment in the amount of wages at Plaintiffs' regular rate for all time Plaintiffs worked but were not paid;

B. Liquidated damages in an amount equal to the amount of unpaid wages for which Plaintiffs are found to be due and owing;

C. Reasonable attorneys' fees and costs of this action as provided by the FLSA; and

D. Such other and further relief as this Court deems appropriate and just.

### COUNT II
### Violation of the IMWL- 820 ILCS 105/4
### Failure to Pay Minimum Wage

46. Plaintiffs re-allege and incorporate by reference the allegations set forth in each of the preceeding paragraphs of this Complaint.

8

47. Count two arises from Defendants' violation of the IMWL, 820 ILCS 105/1 *et seq*., for Defendants' failure to pay, at the minimum hourly rate, wages due to Plaintiffs,.

48. During the course of Plaintiffs' employment by Defendants, Plaintiffs, as tipped employees, were not exempt from the overtime wage provisions of the IMWL. This count arises from Defendants' willful violation of the Illinois Minimum Wage Law, 820 ILCS 105/1, et seq., for their failure to pay Plaintiffs and the class of tipped employees that they represent all earned minimum wages.

49. Plaintiffs and the class are current and former Illinois employees of Defendants who are due, and who have not been paid, minimum wages under the provisions of the IMWL. Plaintiffs bring this Count II as a class action under Rule 23(b)(3). Fed. R. Civ. P. 23(b)(3).

50. Plaintiffs and other similarly-situated persons were employed by Defendants as tipped employees in Illinois, and Defendants paid them at an hourly rate less than minimum wages.

51. An employer take a 'tip credit,' if the employee receives customer tips in an amount that, together with the sub-minimum wage, equal the minimum hourly wage. IMWL, 820 ILCS 105/4(c). Among other requirements, the tip-credit provision does not apply unless an employee is a "tipped employee," the employer has informed the employee of the provisions of the tip-credit subsection, and the employee retains all tips received by the employee, except that the pooling of tips among tipped employees is permitted. FLSA, 29 U.S.C. §203(m).

52. Although Defendants took the tip credit by paying Plaintiffs and the class less than the minimum hourly wage, Defendants did not inform the employees of the provisions of the tip credit subsection.

53. In addition, Defendants have a practice of not delivering to the busboys the amounts deducted from servers' tips.

54. Pursuant to 820 ILCS 105/4, Plaintiffs were entitled to be compensated at the minimum hourly wage prevailing in the location which they worked.

55. Defendants' failure to pay Plaintiffs wages violated the IMWL, 820 ILCS 105/4.

56. Pursuant to 820 ILCS 105/12(a), Plaintiffs were entitled to recover unpaid wages for three (3) years prior to the filing of this suit, plus damages in the amount of two percent (2%) per month of the amount of underpayment.

>WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:
>
>A. A judgment in the amount of all back wages due as provided by the IMWL;
>
>B. Damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain pursuant to 820 ILCS 105/12(a);
>
>C. Reasonable attorneys' fees and costs of this action as provided by the IMWL; and
>
>D. Such other and further relief as this Court deems appropriate and just.

## COUNT III
## Violation of the IWPCA – 820 ILCS 115/4
## Failure to Pay Wages When Due

57. Plaintiffs re-allege and incorporate by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

58. Count three arises from Defendants' failure to pay Plaintiffs' earned wages when due, for all time worked, at the rate agreed to by the parties in violation of the IWPCA, 820 ILCS 115/4.

59. Pursuant to the IWPCA, Plaintiffs were entitled to be paid for all time worked at the rate agreed upon by the parties within 13 days of the end of the customary pay period.

10

60. By failing to pay Plaintiffs, at all for weeks of work performed, Defendants failed to pay Plaintiffs all sum due within 13 days after the end of the established pay period.

61. Defendants' failure to pay all wages, when due, violated the IWPCA.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

    A. A judgment in the amount of all back wages due, as provided by the IWPCA;

    B. Penalties of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid;

    C. Reasonable attorneys' fees and costs of this action as provided by the IWPCA;

    D. That the Court determines the rights of the parties and direct Defendants to account for all hours owed wages owed to Plaintiff;

                    Respectfully submitted,

                      /s/    Jorge Sanchez
                    One of Plaintiffs' attorneys

Jorge Sanchez
Baldemar Lopez
Lopez & Sanchez LLP
77 W. Washington St., Suite 1313
Chicago, IL 60602
(312) 420-6784

Dated: February 13, 2018